BARFIELD, Judge,
dissenting.
Based upon the majority’s recital of the facts and discussion of Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988), I am compelled to dissent and find that reversal is the only appropriate remedy in this case. If indeed Mr. Mitchell was under no compulsion to stay, was not being further detained by the police and acted in a purely voluntary manner while standing along side his car, then he certainly had every right to eat anything that he took from his pocket. There is not one scintilla of evidence that what he consumed was contra *246 band. Although some people would suspect that it probably was contraband, based upon the majority’s analysis of the facts and circumstances under which the observation was made by the police, it was not evidence in any criminal proceeding.
I do not concede that the stop was initially appropriate since a suspicion that Mr. Mitchell would be so overtly violating his probation is not reasonable in light of all other scenarios explaining why that car was being driven by someone on a public street. Frankly, the facts before the court indicate that the stop was pretextual from its inception. Once the stop was made and it, was clear to the officers that Mitchell was not driving the car, there was no further reason to make inquiry of any of the occupants. There was certainly no reason for the officers to request Mitchell to produce identification when they already knew him and that was the reason for following his car in the first place.